FILED by ___ D.C.

ELECTRONIC

**Mar 29 2006**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO. 05-60325-CIV-UNGARO-BENAGES

PHYLLIS SUTTER,
                          Plaintiff,

vs.

HELENE SUTTER-PRIFTIS,
AIG ANNUITY INSURANCE
COMPANY, and EQUITABLE
LIFE ASSURANCE SOCIETY
OF THE UNITED STATES,

                          Defendant
_____/

## JOINT MOTION FOR ENTRY OF AGREED FINAL JUDGMENT

Plaintiff PHYLLIS SUTTER[1], and Defendant HELENE SUTTER-PRIFTIS,

individually, respectfully move for entry of a Final Judgment based upon the terms of a

settlement agreement between the parties, and in support thereof state:

1.    Settlement Agreement:   On March 24, 2006, the parties entered into a settlement

agreement ("Settlement Agreement") resolving all open issues of this litigation.  A copy of the

executed Settlement Agreement is attached hereto as Exhibit "A."   Pursuant to the terms of the

Settlement Agreement, the parties agree to the Court issuing a Final Judgment voiding the

subject deed and resolving the balance of all pending claims.

2.    Vacating Deed:   Pursuant to the terms of the Settlement Agreement, the Final

Judgment shall vacate, set aside, cancel and otherwise deem null and void *nunc pro tunc* and of

_____

[1]As a result of guardianship and incapacity proceedings, the South Florida Guardianship Program, Inc. is legal
guardian of PHYLLIS SUTTER, and was substituted as party Plaintiff in this litigation by order dated August 30,
2005.

no further force and effect that certain Quit Claim deed dated May 3, 2004, as recorded on May

7, 2004 in Official Records Book 37414 at page 1469 of the Public Records of Broward County

(the "Deed"), and vesting title in HELENE SUTTER-PRIFTIS.  The subject real property is in

Broward County, Florida (the "Property") and legally described as follows:

> UNIT NO. 1914 OF PLAYA DEL SOL CONDOMINIUM, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN  OFFICIAL RECORDS BOOK 5,918, Page 34 OF THE PUBLIC RECORDS OF BROWARD COUNTY FLORIDA, and all amendments thereto

A copy of the Deed to be voided is attached hereto as Exhibit "B."

3.    Property to Retain Homestead Status:  The transfer of title effected by the Deed has

caused the Property to lose its homestead.  Pursuant to the terms of the Settlement Agreement, it

is requested that besides vacating and setting aside the Deed, the Final Judgment provide that the

Property shall retain its homestead status for all purposes, *nunc pro tunc* to May 3, 2004.

4.    Court to Retain Jurisdiction Over Settlement Agreement:   It is further requested that

the Final Judgment expressly provide that the Court reserve jurisdiction to enforce all terms of

the Settlement Agreement.

5.    Proposed Final Judgment:  Accordingly, it is respectfully requested that the Court

issue a Final Judgment as provided above.  A copy of the parties' proposed Agreed Final

Judgment is attached hereto as Exhibit "C."

WHEREFORE, Plaintiff SOUTH FLORIDA GUARDIANSHIP PROGRAM, INC., a

Florida not-for-profit corporation, as Limited Guardian for PHYLLIS SUTTER, and Defendant

HELENE SUTTER-PRIFTIS, individually respectfully request that this Honorable Court enter a

*Case No. 05-60325-CIV- UNGARO-BENAGES*
*Motion for Entry of Final Judgment*

Final Judgment in this action as requested herein, and for any such other relief as is deemed

appropriate.

Dated this _____ day of March, 2006.

GREENSPOON MARDER                          GRUMER & ASSOCIATES, P.A.
Attorneys for Defendant                    Attorneys for Plaintiff
Trade Center South - Suite 700             One East Broward Boulevard
100 West Cypress Creek Road                Suite 1501
Ft. Lauderdale FL 33309                    Fort Lauderdale, Florida 33301
                                           (954) 713-2700; (954) 713-2713 (Fax)

By: _____               By: _____
      RICHARD GAINES                             KEITH T. GRUMER
                                                 E-mail: kgrumer@grumerlaw.com
    FBN: 0064069                                 Fla. Bar No. 504416
    3/15/06

                                          By: _____
                                                 PAUL J. MILBERG
                                                 E-mail: pmilberg@grumelevlaw.com
                                                 Fla. Bar No. 0107700

# EXHIBIT "A"
## to Joint Motion for Entry of Agreed Final Judgment

Case 0:05-cv-60325-UU   Document 131   Entered on FLSD Docket 03/30/2006   Page 5 of 42

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 05-60325-Civ-Ungaro-Benages
Magistrate Brown

PHYLLIS SUTTER,

     Plaintiff,

vs.

HELENE SUTTER-PRIFTIS, *et al*,

     Defendants.



_____/

## SETTLEMENT AGREEMENT

This Agreement (the "Agreement") is entered into by and between **PHYLLIS SUTTER**, individually ("Sutter") and **HELENE SUTTER-PRIFTIS**, individually ("Priftis").

**WHEREAS**, Sutter is Priftis' mother; and

**WHEREAS**, on May 3, 2004 Sutter's homestead condominium unit (the "Property") was transferred to Priftis via Quit Claim Deed; and in June, 2004, the proceeds of certain financial accounts (the "Accounts") of Sutter were transferred to Priftis; and

**WHEREAS**, on or about March 4, 2005, Sutter filed a Complaint against Priftis seeking to recover, under various legal theories, the Property and the Accounts; and

**WHEREAS**, in or about August, 2005, **SOUTH FLORIDA GUARDIANSHIP PROGRAM, INC.,** a Florida not-for-profit corporation ("SFG"), was appointed as Limited Guardian of the person and property for Sutter; and SFG is currently Sutter's Limited Guardian of the person and property; A copy of the Letters of Guardianship are attached hereto as Exhibit "A"; and

                          Case Number: 05-60325-Civ-Ungaro-Benages

**WHEREAS**, SFG or its successor is and shall be responsible to carry out all obligations of Sutter as set forth herein; and

**WHEREAS**, Priftis Answered the Complaint and asserted numerous affirmative defenses on her own behalf; and

**WHEREAS**, in August, 2005, in connection with Guardianship and Incapacity Proceedings initiated by Priftis in the Circuit Court of Broward County, Florida, the Guardianship Court determined that a Limited Guardian should be appointed for Sutter, and that such Limited Guardian should be substituted as the party-plaintiff herein; and

**WHEREAS**, in or about August, 2005 SFG was appointed as the Limited Guardian of Sutter's person and property, and was substituted as the party-plaintiff in the above-styled action; and

**WHEREAS**, based upon information obtained during the course of discovery herein, it appears that the Court or a reasonable jury could conclude that Sutter may have lacked the requisite legal capacity to have been able lawfully to transfer to Priftis, by Quit Claim Deed, the Property, which is legally described as follows:

> Unit No. 1914 of PLAYA DEL SOL CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 5,918, Page 34, of the Public Records of Broward County, Florida, and all amendments thereto;

and

**WHEREAS**, in the course of the above-styled action, Sutter served a Demand for Judgment upon Priftis in the amount of $150,000 which would be in full and final settlement of all of the monetary issues raised in paragraph 10, and Counts II, III, IV, V and VI, of the Complaint; without admission of liability, Priftis accepted the said Demand



Case Number: 05-60325-Civ-Ungaro-Benages

for Judgment, and Partial Final Judgment was entered in Sutter's favor in accordance therewith; and

**WHEREAS**, Priftis has paid and delivered the sum of Twenty Thousand Dollars ($20,000.00) to Sutter to date; and has caused certain AIG annuity accounts to be transferred to Sutter, all in partial satisfaction of the Partial Final Judgment; and

**WHEREAS**, upon the entry of the Partial Final Judgment described above and the full and complete satisfaction thereof, the only issues remaining in this action concern the issues raised in relation to the transfer of the Property from Sutter to Priftis; and

**WHEREAS**, the litigation costs have been extensive on both sides, and the costs to proceed through trial will likewise be extensive for both parties; and the parties wish to resolve their various disputes amicably in order to minimize the attorneys' fees and costs that have been and would be incurred; and

**WHEREAS**, each of the parties believes this Agreement is in their respective best interests, and otherwise provides for a fair resolution of their disputes;

**NOW THEREFORE,** in light of the ongoing costs of litigation, the uncertainty of a potential trial outcome, the potential time and expense of appeal(s) after trial; to resolve this matter outright so the parties may peaceably move on, without any admission of weakness in its claims on Sutter's part; and without any admission of liability or wrongdoing on Priftis' part, the parties do hereby stipulate and agree as follows:

I.      **RECITALS.**  The foregoing recitals are true and correct in all material respects, and the parties hereby reallege, adopt and incorporate same as if fully set forth herein, and same shall be deemed a part of this Agreement for all purposes.



Case Number: 05-60325-Civ-Ungaro-Benages

**II.     EFFECTIVE DATE.**  The Effective Date of this Agreement shall be the date the last party hereto executes this Agreement.

**III.     SATISFACTION OF PARTIAL FINAL JUDGMENT.**

      A.     Sutter acknowledges that Priftis has paid and delivered to her good funds in the amount of $20,000 towards the satisfaction of the Partial Final Judgment (the "Judgment") obtained by Sutter herein as against Priftis.   Sutter further acknowledges that the value of certain AIG annuity accounts as determined by AIG on the date of transfer shall be deemed payment in partial satisfaction of the Judgment. Within three (3) days after the transfer of the subject AIG annuities to Sutter, Priftis shall deliver to Sutter a cashier's check in the amount necessary to satisfy the Judgment, which check amount shall be calculated as follows:  $150,000, less $20,000, less the value of the AIG annuities on the date of transfer as determined by AIG, plus post-judgment interest on the unpaid portions of the Judgment at the statutory rate until the date of full and complete satisfaction thereof.  Sutter shall be responsible to calculate the post-judgment interest and to advise Priftis of same within a reasonable time so as to allow Priftis to timely deliver her final payment due hereunder.

      B.     Within ten (10) business days of the receipt in good funds of the payment(s) described in Paragraph III.A., *supra*, and the approval of the Court referred to in Paragraph IV hereof, Sutter shall execute and deliver to Priftis an original Satisfaction of Partial Final Judgment which is compliance with applicable law and suitable for recording.  Priftis shall be responsible to file and record same.



Case Number: 05-60325-Civ-Ungaro-Benages

**IV.    CANCELLATION OF DEED.**  The parties hereby consent and agree that it is appropriate for, and request that, the Court enter a Final Judgment setting aside, canceling, declaring null and void, and otherwise invalidating the May 3, 2004 Quit Claim Deed from Sutter to Priftis with respect to the Property; and further request that the Court declare that the said Property shall retain its homestead status for all purposes, *nunc pro tunc* to May 3, 2004.  Further, the Court shall declare the May 3, 2004 Quit Claim Deed from Sutter to Priftis null and void, and of no legal consequence, as if it had never existed.  The form of the Final Judgment is attached as Exhibit "B" hereto.

**V.    LIFE ESTATE DEED.**  Upon entry of  the Final Judgment described in Paragraph IV, *supra*, and Sutter's receipt of Priftis' full payments in satisfaction of the Judgment, Sutter shall execute and deliver a Quit Claim Deed (the "Life Estate Deed") transferring a Life Estate in the Property to Sutter , with remainder to Priftis and her husband, Basilis Priftis, as tenants by the entireties.[1]  The form of Life Estate Deed to be executed is attached as Exhibit "C" hereto.

Further, upon entry of the Final Judgment described in Paragraph IV, supra, Sutter shall apply for the Homestead and Widows Exemption for real estate tax purposes, in relation to the Property.

---

[1]    Priftis acknowledges she has been advised about the potential adverse consequences of such a joint reservation, but freely and voluntarily seeks such reservation, and intends to resolve any potential adverse consequences through a separate agreement with her husband.



Case Number: 05-60325-Civ-Ungaro-Benages

## VI.    INDEMNIFICATION OF PRIFTIS WITH RESPECT TO THE PROPERTY.

A.    From the date of execution of the Life Estate Deed to the date of Sutter's death, Sutter agrees to and shall indemnify and hold harmless Priftis from any and all debts and liabilities that may have accrued or which may be incurred in relation to the Property, including without limitation all accrued and unpaid real estate taxes, condominium assessments, insurance premiums and mortgage payments.

Notwithstanding the foregoing provision, the parties acknowledge the 2005 real estate taxes are due in relation to the Property in the amount of $4,938.72. Within seven (7) days from the date of this Agreement, Priftis shall deliver a check to Sutter in the amount of $3,000, which shall be applied towards this obligation; and Sutter shall be otherwise fully responsible to pay same, and shall indemnify and hold harmless Priftis in relation to same.

B.    Upon entry of an Order consistent with Paragraph IV.B, *supra*, Sutter is and shall be responsible to pay all real estate taxes, condominium assessments, insurance payments, mortgage payments and other expenses that are due or which come due in relation to the Property until the date of Sutter's death.

C.    Sutter shall provide Priftis with proof, annually upon written request, of the maintenance of insurance upon the Property, including fire, windstorm and flood insurance.

D.    Sutter shall endeavor in good faith to maintain the Property in a state of good repair, ordinary wear and tear excepted.



Case Number: 05-60325-Civ-Ungaro-Benages

E.      Priftis represents and warrants that the Property is free and clear of all liens and encumbrances and, if the May 3, 2004 Deed was valid and enforceable, she would hold fee simple and marketable title to the Property and would possess full power and authority to convey the Property.  Except as otherwise provided herein, Priftis agrees to indemnify and hold harmless Sutter from and against any and all claims, demands, damages, losses, liens, liabilities, causes of action, judgments, court costs, attorney's fees, and other legal expenses, costs of evidence of title, and other costs and expenses Sutter may reasonably suffer arising directly or indirectly from or out of or in any way connected with Priftis' breach of the foregoing representation and warranty.

## VII.   RESTRICTIONS ON USE OF PROPERTY.

A.      During Sutter's lifetime, Sutter shall be entitled to use the Property in a manner consistent with the rights of a life tenant thereof.  This means, *inter alia*, that Sutter may live in the Property; and the Property may be rented and the rental proceeds applied and used for Sutter's benefit.  In the event Sutter determines to seek to rent the Property, Priftis shall be offered the first opportunity to rent the property at the fair market rate, before the Property is offered for rent to anyone else.

B.      Under no circumstances shall Sutter's son, George Satirieon, be permitted to reside permanently in, or to rent, the Property.

C.      Upon Sutter's death, the life estate in the Property shall be deemed to have automatically terminated, and SFG shall forthwith surrender possession of the Property to Priftis.  Priftis then shall be the fee simple title holder of the Property (along with her husband), subject to the outstanding mortgage indebtedness, as described below.



Case Number: 05-60325-Civ-Ungaro-Benages

**VIII.   SFG'S RIGHT TO MORTGAGE THE PROPERTY.** SFG is and shall be entitled, upon the execution of this Agreement, to obtain one or more home equity line of credit (i.e., draw-down) type of mortgage loans on the Property up to a maximum aggregate principal amount of Two Hundred and Eighty Thousand Dollars ($280,000.00) for the sole purpose of creating a fund from which to provide for Sutter's care, support and maintenance as determined by SFG in its sole discretion, subject to the approval of the Guardianship Court, if proper.  SFG's right to draw on the mortgage shall continue beyond Sutter's death, so that SFG may pay Sutter's funeral and burial expenses (Greek Orthodox, St. Dimitrios Church), and SFG's final costs of administration, as per Chapter 744, Florida Statutes.  SFG may prepay Sutter's funeral and burial expenses.

A.   SFG shall apply for the said mortgage loan(s) if, as and when SFG deems it appropriate in its sole discretion.  Priftis agrees to cooperate with SFG including, without limitation, signing any papers necessary to allow SFG to obtain the contemplated draw-down mortgage(s), but if possible, Priftis shall not be made personally financially responsible for the loan of which the said mortgage shall secure during Sutter's lifetime.  SFG shall use its good faith and best efforts to obtain a mortgage loan on the terms outlined in this Agreement that will not require Priftis to co-sign or be otherwise financially responsible for the loan.  In the event that SFG is unable to obtain such a loan, it shall advise Priftis in writing (email is acceptable) and Priftis may search for such a loan.  If within 30 days after receiving such notice from SFG, neither SFG nor Priftis can obtain a loan consistent with the terms of this Agreement in which Priftis does not need to co-sign or be otherwise financially responsible, then and



Case Number: 05-60325-Civ-Ungaro-Benages

only then, Priftis shall sign the papers necessary for SFG to obtain the loan through its

chosen lender, as a responsible party thereon.

> B.   SFG shall apply for and obtain the said mortgage loan(s) from
established financial institutions, at conventional commercial loan terms, upon then
prevailing market rates. Priftis shall not be obligated to sign papers for the completion
of any loan, with terms which are not reasonably consistent with the foregoing.

## IX.   RESTRICTIONS ON USE OF MORTGAGE LOAN PROCEEDS:

> A.   SFG shall not actually draw down and borrow any of the
above-described mortgage loan proceeds (notwithstanding that said proceeds may be
available for withdrawal) unless and until, for each month in which SFG seeks to
withdraw some part of the mortgage loan proceeds for Sutter's care, support and
maintenance:

> 1.   SFG has first utilized and fully exhausted for Sutter's care,
support and maintenance, all current income of whatever type (including Sutter's Social
Security benefits) which are then available to SFG;

> 2.   SFG has next utilized and fully exhausted for Sutter's
care, support and maintenance, all of Sutter's liquid assets and financial accounts[2],
including without limitation the proceeds of any of Sutter's checking and savings
accounts, annuities, retirement accounts of any type, and otherwise;

> 3.   After claiming the Property -- Sutter's homestead -- as an
exempt asset, SFG has applied for and been denied Medicaid and/or Medicare benefits
for Sutter's care, support and maintenance; or in the alternative, SFG has applied for
and received such assistance, but it is inadequate to pay for Sutter's necessary care,

---

[2]   To this end, if and when it becomes necessary for SFG to liquidate Sutter's retirement plans and/or annuities, SFG shall first draw down Sutter's American Enterprise IRA.



Case Number: 05-60325-Civ-Ungaro-Benages

support and maintenance; and

    4.    SFG has in good faith determined that all of the aforesaid and any other available funding resources are insufficient to provide for Sutter's care, support and maintenance in its sole discretion.

    B.    In the event SFG is entitled to and does withdraw funds from the mortgage loan proceeds, SFG shall withdraw only those funds which it in good faith determines are reasonably necessary to meet the financial needs for Sutter's care, support and maintenance.

    C.    If at the date of SUTTER's death, SFG shall then have on-hand any portion of the mortgage loan proceeds that may have been drawn down by SFG for the purposes set forth above but not actually disbursed, SFG shall forthwith pay said loan proceeds to the mortgage lender to reduce the outstanding balance owed on said mortgage loan, subject to the provisions, *infra*.

## X.    SFG DEFAULT IN RELATION TO THE PROPERTY.

    A.    SFG is and shall be obligated to maintain the subject mortgage loan(s) on a current basis, including the payment of all real property taxes, condominium assessments, and all appropriate insurance payments.

    B.    In the event SFG fails to properly and timely service any subject mortgage loan, including the timely payment of real property taxes, condominium assessments, and insurance premiums; **or** if the total mortgage principal ever exceeds $280,000 then upon receipt of thirty (30) days written notice by Priftis to SFG and opportunity to cure such failure or excess amount due, and SFG's failure or refusal to cure such default(s) within that time period, then SFG shall, upon written demand by Priftis, terminate Sutter's life estate by delivering to Priftis a Quit Claim Deed for Sutter's



Case Number: 05-60325-Civ-Ungaro-Benages

entire interest in the Property, and Priftis shall take title to the Property subject to the outstanding mortgage indebtedness.  In the event title is transferred to Priftis during Sutter's lifetime, Sutter shall have the unconditional right to remain in possession of the Property and SFG shall pay Priftis monthly the then fair market rental value for such Property for the remainder of Priftis' life, or until Sutter abandons, permanently vacates the Property, or vacates the Property under circumstances that it is not reasonably likely she will return to it.

C.      SFG shall cause Priftis to receive copies of the regular monthly statements/invoices of the mortgage loan account.

XI.      **RELEASES.**

A.      **RELEASE OF PRIFTIS.** SFG and Sutter ("First Party"), for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, hereby remise, release, acquit, satisfy, and forever discharge **HELENE SUTTER-PRIFTIS,** her heirs, successors, assigns, officers, directors, agents, attorneys (***not*** including GREENSPOON MARDER, P.A.) and employees ("Second Party"), of and from any and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, whether known or unknown, fixed or contingent, which said First Party ever had, now has, or which any personal representative, successor, heir or assign of said First Party, hereafter can, shall or may have against said Second Party for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of this Agreement, specifically including any and all claims that were or could have been

Page 11 of 24



Case Number: 05-60325-Civ-Ungaro-Benages

raised in that certain lawsuit styled *Phyllis Sutter vs. Helene Sutter-Priftis*, United States

District Court, Southern District of Florida, Miami Division, Case Number 05-60325-CIV-

UNGARO-BENAGES; in relation to that certain Guardianship action styled *In Re:*

*Guardianship Of Phyllis Sutter, An Incapacitated Person*, Case Number 05-3268 in the

Circuit Court of Broward County, Florida; and in relation to that certain Incapacity

proceeding styled *In Re: Phyllis Sutter, An Alleged Incapacitated Person*, Case Number

05-940 in the Circuit Court of Broward County, Florida; except as to Priftis' obligations

set forth in this Agreement.

     B.    **RELEASE OF SFG AND SUTTER.**    Priftis,   for   good   and

valuable consideration, the receipt and sufficiency of which is hereby acknowledged

**hereby** remises, releases, acquits, satisfies, and forever discharges SFG and Sutter,

their heirs, successors, assigns, officers, directors, agents, attorneys  and employees

("Second Party"), of and from any and all manner of action and actions, cause and

causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills,

specialties, covenants, contracts, controversies, agreements, promises, variances,

trespasses, damages, judgments, executions, claims and demands whatsoever, in law

or in equity, whether known or unknown, fixed or contingent, which Priftis ever had, now

has, or which any personal representative, successor, heir or assign of Priftis, hereafter

can, shall or may have against said Second Party for, upon or by reason of any matter,

cause or thing whatsoever, from the beginning of the world to the date of this

Agreement, specifically including any and all claims that were or could have been raised

in that certain lawsuit styled *Phyllis Sutter vs. Helene Sutter-Priftis*, United States

District Court, Southern District of Florida, Miami Division, Case Number 05-60325-CIV-

UNGARO-BENAGES; in relation to that certain Guardianship action styled *In Re:*



Case Number: 05-60325-Civ-Ungaro-Benages

*Guardianship Of Phyllis Sutter, An Incapacitated Person*, Case Number 05-3268 in the Circuit Court of Broward County, Florida; and in relation to that certain Incapacity proceeding styled *In Re: Phyllis Sutter, An Alleged Incapacitated Person*, Case Number 05-940 in the Circuit Court of Broward County, Florida.

C.   **RELEASE OF GREENSPOON MARDER, P.A.  SFG and Sutter,** for good and valuable consideration paid by or on behalf of Greenspoon Marder, P.A., the receipt and sufficiency of which is hereby acknowledged, **hereby** remise, release, acquit, satisfy, and forever discharge **GREENSPOON MARDER, P.A.** its, successors, assigns, officers, directors, agents, attorneys and employees ("Second Party"), of and from any and all manner of action and actions, cause and causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions, claims and demands whatsoever, in law or in equity, whether known or unknown, fixed or contingent, which said First Party ever had, now has, or which any, successor, or assign of said First Party, hereafter can, shall or may have against said Second Party for, upon or by reason of any matter, cause or thing whatsoever, *specifically* arising out of, or relating to, the following matters:

1.   That certain lawsuit styled *Phyllis Sutter vs. Helene Sutter-Priftis*, United States District Court, Southern District of Florida, Miami Division, Case Number 05-60325-CIV-UNGARO-BENAGES;

2.   That certain Guardianship action styled *In Re: Guardianship Of Phyllis Sutter, An Incapacitated Person*, Case Number 05-3268 in the Circuit Court of Broward County, Florida;

Page 13 of 24



Case Number: 05-60325-Civ-Ungaro-Benages

3.      That certain Incapacity proceeding styled *In Re: Phyllis Sutter, An Alleged Incapacitated Person*, Case Number 05-940 in the Circuit Court of Broward County, Florida; and

4.      That certain Complaint for Disgorgement styled *SFG vs. Greenspoon Marder, P.A.*, which Complaint was delivered by SFG to Greenspoon Marder, P.A. on or about February 23, 2006, and which Complaint was not filed with any Court.

SFG and Greenspoon Marder, P.A. acknowledge they have ongoing business dealings between them, and this Release from SFG is intended to release claims relating to Phyllis Sutter and the above-described legal proceedings only, and not any other claims it has or may have as against Greenspoon Marder, P.A. in relation to any other business dealings.

**XII.    PRIFTIS TO RECEIVE CONTINUING NOTICE OF GUARDIANSHIP PROCEEDINGS.**   SFG shall ensure that Priftis, by and through her undersigned counsel, shall receive contemporaneous copies of any and all papers (including without limitation the "monthly budget" that SFG proposes for Sutter, and semi-annual accountings) that are filed in relation to that certain Guardianship action styled *In Re: Guardianship Of Phyllis Sutter, An Incapacitated Person*, Case Number 05-3268 in the Circuit Court of Broward County, Florida.

**XIII.    GUARDIAN'S GOOD FAITH.**   SFG shall exercise its duties as Sutter's Guardian in good faith.

**XIV.    SUTTER'S ESTATE PLAN.**   SFG shall not seek in any way to alter Sutter's existing estate plan.

Page 14 of 24



Case Number: 05-60325-Civ-Ungaro-Benages

## XV.  ATTORNEYS' FEES AND COSTS.

A.  Except as may otherwise be provided in this Agreement, the parties each shall bear their respective attorneys' fees and costs incurred in relation to this Agreement, the above-styled lawsuit, the Guardianship and Incapacity proceedings concerning Sutter, and otherwise as it pertains to any transactions between the parties, including Sutter.

B.  In the event of a dispute arising strictly out of this Agreement, the prevailing party is and shall be entitled to recover from the other its/her reasonable attorneys' fees and costs incurred in connection with any proceeding to enforce this Agreement, including any such fees and costs incurred in pretrial discussions, or in any trial or appellate court proceedings.  This provision does not give the prevailing party the right to recover any attorneys' fees and costs incurred prior to the effective Date of this Agreement.

## XVI.  APPROVAL OF AGREEMENT.  Upon execution of this Agreement, it shall be filed of record, and the parties shall by joint stipulation signed by counsel for the parties request the Court to ratify and approve this Agreement, and to enter an Order reserving jurisdiction to enforce this Agreement, and dismissing this lawsuit, *with prejudice.*

## XVII.  AGREEMENT NOT MERGED.  It is understood and agreed that this Agreement will be filed of record by the parties.  However, notwithstanding the incorporation of this Agreement into any Court Order or Final Judgment, this Agreement shall not be merged in it, but shall independently survive the Judgment and be binding on the parties for all times.



Case Number: 05-60325-Civ-Ungaro-Benages

**XVIII. CONSTRUCTION AND INTERPRETATION.** This Agreement shall be construed as having been jointly drafted by the parties. The parties acknowledge they have negotiated, renegotiated, and considered several times the terms and conditions contained in this Agreement. The fact one of the parties' lawyers prepared the actual final draft of this Agreement shall not result in that party being construed as having drafted this Agreement.

**XIX.   ENTIRE AGREEMENT.** This Agreement is the final agreement of the parties, and supersedes any and all prior agreements between the parties, whether claimed to be oral or in writing, and is intended to incorporate all of the terms and conditions set forth in any such agreements, whether or not such agreements are consistent with the terms and conditions of this Agreement. To the extent there exists a controversy between this Agreement and any prior agreement between the parties, including Sutter, the terms and conditions of this Agreement shall control.

**XX.   MODIFICATION AND NON-WAIVER.** A modification or waiver of any of the provisions of this Agreement shall be effective only if made in writing and executed with the same formality as this Agreement. Failure of a party to insist on strict performance of any provision of this Agreement is not a modification of this Agreement or a waiver of that performance or any other or subsequent performance required hereunder.

**XXI.   <u>ACKNOWLEDGMENT</u>**

SFG and Priftis acknowledge that it/she is competent and under no physical or mental disability precluding it/her from understanding the terms, conditions, rights and obligations in and under this Agreement. SFG and Priftis further acknowledge that they have participated in the negotiation and drafting of this Agreement; that they have



Case Number: 05-60325-Civ-Ungaro-Benages

thoroughly and carefully read each and every paragraph of this Agreement; and that they understand every term, phrase and paragraph. SFG and Priftis are satisfied that this Agreement is fair and equitable; that they are under no duress or coercion to execute this Agreement; and that they are doing so voluntarily. SFG and Priftis acknowledge that their attorneys are not assurers of the terms and conditions of the Agreement; their attorneys have not assured them that the other party will comply with the provisions of this Agreement; and their attorneys have not assured or guaranteed them that Florida law will not change. SFG and Priftis acknowledge that they have been advised and understand there is a possibility that Florida law may change either through a change by decisional law or by legislation, and that any such change may affect this Agreement. SFG and Priftis believe it is in their best interests to execute this Agreement and execute this Agreement with the knowledge that it is in their best interests.

**XXII. COOPERATION.** The parties shall exercise good faith and best efforts to ensure the complete compliance with this Agreement. To that end, each of the parties agrees that she/it will, on request of any other party or any other party's legal representative, personal representative, trustee, transferee, successor or assign, execute any document which may be requested for the purpose of giving full force and effect to the provisions of this Agreement, without charge therefor, and so long as the execution of such document shall not expose the signator to any liability or result in that party incurring additional costs or expenses or fees beyond those contemplated by the parties in this Agreement.



Case Number: 05-60325-Civ-Ungaro-Benages

Unless a time is specified in which papers requested must be executed and delivered to the requesting party, the party requested to do the act or execute the instrument shall do so within ten (10) days of the receipt of a written request from the other party. A party is deemed to have received a request when same has been emailed or faxed to him, or three (3) days after mailing when the request is placed in the mail.

**XXIII. CAPTIONS.** Paragraph titles or captions contained in this Agreement are inserted as a matter of convenience and reference and in no way define, limit, extend, or describe the scope of this Agreement or any provision.

**XXIV. EXECUTION IN COUNTERPARTS.** This Agreement may be signed in a single original form, duplicate originals or in counterparts. Moreover, any copy of this Agreement that is executed with the same formality and in the same manner as an original Agreement shall constitute an original Agreement, and may be admissible as evidence in any Court proceeding.

**XXV. FREE AND VOLUNTARY EXECUTION.** Each of the parties has entered into this Agreement freely and voluntarily for the purposes described herein, and upon the advice of her/its undersigned counsel.

**XXVI. ENFORCEMENT.** The Court shall reserve jurisdiction to enforce the terms of this Agreement.

**XXVII. GOVERNING LAW AND VENUE.** The laws of State of Florida shall govern the validity, construction, enforcement, modification, interpretation and effect of this Agreement. Further, the parties agree that Broward County, Florida shall be the proper venue for all purposes concerning this Agreement, including any enforcement of modifications hereof. Priftis hereby submits to the *in personam* jurisdiction of such



Case Number: 05-60325-Civ-Ungaro-Benages

Court, and further agrees that she shall not be entitled to raise *forum non conveniens* as a defense to any action arising out of this Agreement, which is brought in the said Court. Notwithstanding the foregoing, the parties may, by mutual written agreement, change such venue as circumstances warrant.

**XXVIII.      PARTIAL INVALIDITY.**  In the event any clause or provision of this Agreement shall be held invalid by any Court, it is understood and agreed that such invalid clause or provision of this Agreement shall have no effect upon the validity of any other portion of this Agreement.  All of the other provisions of this Agreement shall remain valid and enforceable.

**XXIX. INDEPENDENT COUNSEL.**  The parties represent and acknowledge that they have obtained independent legal counsel before signing this Agreement, that they have been fully advised that this instrument is legally binding upon them, their respective agents, representatives, heirs, next of kin, administrators, executors, personal representatives, successors and assigns, and that there are no representations or promises made to them by any other party, and that each of the undersigned is authorized to sign this instrument.

      **A.      Sutter and SFG's Counsel:** Sutter and SFG  acknowledge that they are represented by counsel Keith Grumer, Paul Milberg and Maidenly Macaluso of Grumer & Associates, P.A., and have been fully advised concerning their rights and obligations under this Agreement, except as to tax consequences.  Sutter and SFG acknowledge they have neither sought nor received any tax advice from their counsel in connection with this Agreement.



Case Number: 05-60325-Civ-Ungaro-Benages

B.  **Priftis' Counsel:**  Priftis acknowledges she is represented by counsel Richard H. Gaines of Greenspoon Marder, P.A., and has been fully advised concerning her rights and obligations under this Agreement, except as to tax consequences.  Priftis acknowledges she has neither sought nor received any tax advice from her counsel in connection with this Agreement.

**XXX. BINDING EFFECT.**  This Agreement shall be binding upon the parties' respective agents, guardians (as appropriate), representatives, attorneys, heirs, next of kin, administrators, executors, personal representatives, and assigns.

**XXXI. MEDIATION OF FUTURE DISPUTES.**  The parties desire, where possible, to avoid litigation of future disputes between them which may arise. Accordingly, they agree to submit any disputes to mediation as a precondition to filing any action to enforce this Agreement.  If a party does not, for any reason, submit to one session of mediation within thirty (30) days of receipt of a written request, the condition precedent that the other party attend mediation prior to filing an action to enforce this Agreement is waived.

**XXXII. INDEMNIFICATION AND HOLD HARMLESS.**  In any instance in which either party is required to indemnify or hold harmless the other under this Agreement, such hold harmless or indemnification shall include all demands, claims or damages against the indemnified party resulting, directly or indirectly, from the matter or thing indemnified against.

SIGNATURES TO FOLLOW

Page 20 of 24



Case Number: 05-60325-Civ-Ungaro-Benages

### ATTORNEY'S CERTIFICATION
### *(As to SFG and Sutter)*

The foregoing Agreement has been examined by the undersigned, a member of the Bar of the State of Florida, duly licensed and admitted to practice in the State of Florida, who is the attorney for SFG and Sutter, one of the parties to the foregoing Agreement; that the undersigned attorney has been retained, employed and compensated by SFG and Sutter for the purposes of explaining fully to it and counseling it with respect and in connection with its rights and obligations under the terms of this Agreement and in light of the laws of the State of Florida; that SFG and Sutter after being fully advised by the undersigned, acknowledged to the undersigned that it understood the legal effect of this Agreement, and executed the same freely and voluntarily, intending to be bound hereby; SFG and Sutter executed this Agreement only after independent counsel in consultation with the undersigned attorney, apart from SFG and Sutter and her counsel.

GRUMER & ASSOCIATES, P.A.
Attorneys for Plaintiff
One East Broward Boulevard
Suite 1501
Ft. Lauderdale, Florida 33301
(954) 713-2700; (954) 713-2713 (Fax)

By: _____
     KEITH T. GRUMER
     Florida Bar No. 504416



Case Number: 05-60325-Civ-Ungaro-Benages

## ATTORNEY'S CERTIFICATION
### *(As to Priftis)*

The foregoing Agreement has been examined by the undersigned, a member of the Bar of the State of Florida, duly licensed and admitted to practice in the State of Florida, who is the attorney for Priftis, one of the parties to the foregoing Agreement; that the undersigned attorney has been retained, employed and compensated by Priftis for the purposes of explaining fully to her and counseling her with respect and in connection with her rights and obligations under the terms of this Agreement and in light of the laws of the State of Florida; that Priftis after being fully advised by the undersigned, acknowledged to the undersigned that she understood the legal effect of this Agreement, and executed the same freely and voluntarily, intending to be bound hereby; Priftis executed this Agreement only after independent counsel in consultation with the undersigned attorney, apart from SFG, Sutter and their counsel.

GREENSPOON MARDER, P.A.
Attorneys for Husband
100 West Cypress Creek Road
Suite 700
Fort Lauderdale, Florida  33309
(954) 491-1120 (Broward)
(888) 491-1120 (Toll Free)
(954) 771-9264 (Fax)


By:_____
     RICHARD H. GAINES
     Florida Bar No. 0061069

Page 22 of 24



Case Number: 05-60325-Civ-Ungaro-Benages

**IN WITNESS WHEREOF,** the parties hereto have hereunto set their hands and

seals this ____day of March, 2006.

Signed, sealed and delivered in the presence of:

**SOUTH FLORIDA GUARDIANSHIP
PROGRAM, INC., as Limited Guardian
of the Person and Property of Phyllis
Sutter**

_____

WITNESS AS TO SFG

By:_____
Name Printed:_____
Title:_____

_____

WITNESS AS TO SFG

**STATE OF FLORIDA**           )
                              ) **SS:**
**COUNTY OF BROWARD**          )

    **BEFORE ME,** the undersigned authority, on this day personally appeared

_____, who is _____ of South Florida Guardianship

Program, Inc., and who being by me first duly sworn, deposes and says that she is the

person in and who executed the foregoing Agreement, and she acknowledged to and

before me that she executed the Agreement for the purposes therein expressed.

    **WITNESS** my hand and official seal in said County and State this ____day of

March, 2006.

_____

NOTARY PUBLIC – State of Florida

**My Commission Expires:**



Case Number: 05-60325-Civ-Ungaro-Benages

## HELENE SUTTER-PRIFTIS

_____  Marisol Zambito  By: _____  AKA Helene
WITNESS AS TO PRIFTIS                                                      Priftis

_____  Alexia Kimbrough
WITNESS AS TO PRIFTIS

**SEE ATTACHED**
**NOTARIAL CERTIFICATE**
**NOTARY PUBLIC**

**STATE OF CALIFORNIA**          )
                                 ) SS:
**COUNTY OF** _____        )

  **BEFORE ME**, the undersigned authority, on this day personally appeared

**HELENE SUTTER-PRIFTIS**, who being by me first duly sworn, deposes and says that

she is the person in and who executed the foregoing Agreement, and she

acknowledged to and before me that she executed the Agreement for the purposes

therein expressed.

  **WITNESS** my hand and official seal in said County and State this ___day of

March, 2006.

                                        _____
                                        NOTARY PUBLIC – State of California

**My Commission Expires:**

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California        )
County of Los Angeles    )

On March 15, 2006 before me, Julia M. Azuma, Notary Public, personally appeared Marisol Zamudio, Alexia Kimbrough and Helene S. Priftis

☐ personally known to me – **OR** – ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that she/he/they executed the same in her/his/their authorized capacity(ies), and that by her/his/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

JULIA M. AZUMA
Commission # 1464515
Notary Public - California
Los Angeles County
My Comm. Expires Jan 20, 2008

_____
Signature of Notary

= = = = = = = = = = = = **OPTIONAL SECTION** = = = = = = = = = = = = =
Though the data below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent reattachment of this form.

## CAPACITY CLAIMED BY SIGNER

☒INDIVIDUALS
☐CORPORATE OFFICER(S)

_____
TITLE(S)
☐PARTNER(S)  ☐LIMITED
           ☐GENERAL
☐ATTORNEY-IN-FACT
☐TRUSTEE(S)
☐GUARDIAN/CONSERVATOR
☐OTHER: _____

_____
_____

## SIGNER IS REPRESENTING:
NAME OF PERSON(s) OR ENTITY(IES)
Themselves
_____
_____

## DESCRIPTION OF ATTACHED DOCUMENT

Settlement Agreement
_____
TITLE OR TYPE OF DOCUMENT

24
_____
NUMBER OF PAGES

3/15/06
_____
DATE OF DOCUMENT

None
_____
SIGNER(S) OTHER THAN NAMED ABOVE

COPYRIGHT 1993 NATIONAL NOTARY ASSOCATION, CANOGA PARK, CA

# EXHIBIT "A"

INSTR # 105534017
OR BK  40915  Pages 706 - 706
RECORDED 11/17/05 07:58:32
BROWARD COUNTY COMMISSION
DEPUTY CLERK 2065
#4, 1 Pages

**IN THE CIRCUIT COURT OF THE**
**SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**

PROBATE DIVISION

IN RE: GUARDIANSHIP OF

**PHYLLIS SUTTER**                          File No.:        05-3268

An Incapacitated Person                     DIVISION:      SPEISER

_____/

**AMENDED LETTERS OF GUARDIANSHIP OF THE PERSON AND PROPERTY**
**(Limited Guardianship)**
*(To Correct Scrivener's Error)*

TO ALL WHOM IT MAY CONCERN:

**WHEREAS, SOUTH FLORIDA GUARDIANSHIP PROGRAM, INC.** has been appointed the limited guardian of the person and property of **PHYLLIS SUTTER**, the Ward, and has taken the prescribed oath and performed all other acts prerequisite to issuance of limited letters of guardianship of

the person and property of the Ward.

NOW, THEREFORE, I, the undersigned circuit judge, declare **SOUTH FLORIDA GUARDIANSHIP PROGRAM, INC.** duly qualified under the laws of the State of Florida to act as guardian of the person and property in the limited guardianship of **PHYLLIS SUTTER**, with full power to exercise the following powers and duties pertaining to the Ward's person and property:

   XX   to marry; (non-delegable)
   XX   to personally apply for government benefits; (non-delegable)
   XX   to have a driver's license; (non-delegable)
   XX   to seek or retain employment; (non-delegable)
   XX   to contract;
   XX   to sue and be sued;
   XX   to manage property or to make any gift or disposition of property;
   XX   to consent to medical treatment;

For purposes of all future annual plans and accountings, the prior appointment date of September 15, 2005 shall be deemed the guardianship inception date (GID).

The Guardian shall not exercise any authority over any health care surrogate appointed by any valid advanced directive executed by the Ward pursuant to Chapter 765, Florida Statutes, until further order of this Court.

ORDERED on _Oct. 11, 2005 nunc pro tunc Sept. 15, 2005._

_____
CIRCUIT JUDGE

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: 05-60325-Civ-Ungaro-Benages

PHYLLIS SUTTER,

      Plaintiff,

vs.

HELENE SUTTER-PRIFTIS, *et al*,

      Defendants.

_____/

## AGREED FINAL JUDGMENT

This Cause having come before the Court on the Joint Motion For Entry Of Agreed Final Judgment, pursuant to the settlement agreement between Plaintiff PHYLLIS SUTTER[1] and Defendant HELENE SUTTER-PRIFTIS, individually, and the Court having reviewed the motion and the file, and otherwise being fully advised in the premises, it is hereby Ordered and Adjudged:

1.     That certain Quit Claim Deed Dated May 3, 2004, as recorded on May 7, 2004 in Official Records Book 37414 at page 1469 of the Public Records of Broward County (the "Deed"), and relating to the following described real property located in Broward County, Florida.

> UNIT NO. 1914 OF PLAYA DEL SOL CONDOMINIUM, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OFFICIAL RECORDS BOOK 5,918, Page 34 OF THE PUBLIC RECORDS OF BROWARD COUNTY FLORIDA, and all amendments thereto

---

[1] As a result of guardianship and incapacity proceedings, the South Florida Guardianship Program, Inc. is legal guardian of PHYLLIS SUTTER, and was substituted as party Plaintiff in this litigation by order dated August 30, 2005.

(the "Property") shall be and is set aside, canceled, invalidated and otherwise deemed null and void *nunc pro tunc* to May 3, 2004, is of no further force and effect, and shall be treated as if it had never existed.

2.      The Clerk of the Court is directed to record this Order in the Public Records of Broward County, Florida, in connection with the Property.

3.      The interests of any and all third parties, if any, acquired after recordation of the Deed shall be deemed null, void and of no effect.

4.      The Property shall retain or is otherwise awarded homestead status for all purposes, *nunc pro tunc* to May 3, 2004.

5.      The Settlement Agreement between the parties is adopted, ratified and deemed to be an order of this Court.   The Court reserves jurisdiction to enforce the terms of the Settlement Agreement.   The parties are ordered to comply with its terms.

DONE and ORDERED in Chambers, Miami- Dade County, Southern District of Florida, this

_____ day of March, 2006.


_____
URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

Copies to:

South Florida Guardianship Program
Station 262
P.O. Box 130130
Sunrise FL 33313-0002

Keith Grumer, Esq.
Grumer& Levin, P.A.
One East Broward Blvd.
Suite 1501
Fort Lauderdale, Florida 33301

2

# EXHIBIT "C"

This Instrument Prepared By:

RICHARD H. GAINES, ESQ.
Greenspoon Marder, P.A.
100 W. Cypress Creek Road, Suite 700
Fort Lauderdale, FL 33309
Telephone:  954-491-1120

## QUIT CLAIM DEED

**THIS INDENTURE,** made this _____ day of March, 2006, between **PHYLLIS SUTTER**, individually, whose address is 3500 Galt Ocean Dr., Unit 1914, Ft. Lauderdale, FL 33308, by and through **SOUTH FLORIDA GUARDIANSHIP PROGRAM, INC**., a Florida not-for-profit corporation, as Limited Guardian of her person and property **(**the **"GRANTOR"),** to **PHYLLIS SUTTER**, an individual, for a life estate, and upon the death of **PHYLLIS SUTTER**, the life tenant, the remainder to **HELENE SUTTER-PRIFTIS and BASILIS PRIFTIS**, husband and wife, as tenants by the entireties, whose address is 1100 Granville Ave., Los Angeles, CA 90049 **(the "GRANTEE").**

(Wherever used herein the terms "first party" and "second party" include all the parties to this instrument, and the heirs, legal representatives and assigns of individuals, and successors and assigns of corporations.)

## W I T N E S S E T H :

That the said first party, for and in consideration of the sum of TEN DOLLARS ($10.00), and other good and valuable consideration, in hand paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quit claim unto the said second party forever, all the right, title, interest, claim and demand which the said first party has in and to the following described lot, piece or parcel of land, situate, lying and being in the County of Broward, State of Florida, to wit:

> Unit No. 1914 of PLAYA DEL SOL CONDOMINIUM, a Condominium, according to the Declaration of Condominium thereof, as recorded in Official Records Book 5,918, Page 34, of the Public Records of Broward County, Florida, and all amendments thereto.

**TO HAVE AND TO HOLD** the same together with all and singular the appurtenances thereunto belonging or in anywise appertaining, and all of the estate, right, title, interest, lien, equity and claim whatsoever of the said first party, either in law or equity, to the only proper use, benefit and behalf of the said second party forever.

**IN WITNESS WHEREOF,** the said first party signed and sealed these presents the day and year first above written.

Signed, sealed and delivered
      in the presence of:

**FIRST PARTY:**

**SOUTH FLORIDA GUARDIANSHIP PROGRAM, INC., a Florida not-for-profit corporation**

Sign:_____

Print:_____

By:_____

Name Printed:_____

Title:_____

STATE OF FLORIDA     )

                     ) SS:

COUNTY OF BROWARD   )

     The foregoing instrument was acknowledged before me this ___ day of March, 2006, by _____, who is _____ of **SOUTH FLORIDA GUARDIANSHIP PROGRAM, INC.**, and who is personally known to me or have produced _____as a type of identification.

_____

Notary Public, State of Florida

My Commission Expires:

# EXHIBIT "B"
## to Joint Motion for Entry of Agreed Final Judgment

CFN # 103972559, OR BK 37414 Page 1469, Page 1 of 1, Recorded 05/07/2004 at
03:26 PM, Broward County Commission, Doc. D $0.70 Deputy Clerk 3215

Prepared by and Record and Return to:
PATRICK L. BAILEY, ESQ.
2335 E. Atlantic Blvd. #300
Pompano Beach, Fl 33062

Tax Folio #19319-BJ-26700

## QUIT CLAIM DEED

**THIS QUIT CLAIM DEED**, Executed this ____ day of May, 2004, by PHYLLIS SUTTER, a single
woman, of 3500 Galt Ocean Drive #1914, Fort Lauderdale, FL 33308-6804, first party to HELENE SUTTER
PRIFTIS, a married woman of 1100 Granville Avenue, Los Angeles, CA 90049 second party:

**WITNESSETH:** That the said first party, for and in consideration of the sum of $10.00 in hand paid by the
said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quit-claim unto the
said second party forever, all the right, title, interest, claim and demand which the said first party has in and to the
following described lot, piece or parcel of land, situate, lying and being in the County of Broward     State of Florida,
to-wit:

    Unit No.  1914 of PLAYA DEL SOL CONDOMINIUM, a Condominium
    according to the Declaration of Condominium thereof, as recorded in OR Book
    5918, Page 34, of the Public Records of Broward County, Fl and all amendments
    thereto.

This deed prepared without benefit of title examination.

**TO HAVE AND TO HOLD** The same together with all and singular the appurtenances thereunto belonging
on in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said first
party, either in law or equity, to the only proper use, benefit and behoof of the said second party forever.

**IN WITNESS WHEREOF**, the said first party has caused these presents to be executed the day and year first
above written.

Signed, sealed and delivered
in the presence of:

_____
Witness Patrick L. Bailey

_____
PHYLLIS SUTTER
3500 Galt Ocean Drive #1914, Ft. Laud., FL 33308

**EXHIBIT "C"**
**to Joint Motion for Entry of Agreed Final Judgment**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
Case Number: 05-60325-Civ-Ungaro-Benages

PHYLLIS SUTTER,

      Plaintiff,

vs.

HELENE SUTTER-PRIFTIS, *et al,*

      Defendants.

_____/

## <u>AGREED FINAL JUDGMENT</u>

This Cause having come before the Court on the Joint Motion For Entry Of Agreed Final

Judgment, pursuant to the settlement agreement between Plaintiff PHYLLIS SUTTER[1] and

Defendant HELENE SUTTER-PRIFTIS, individually, and the Court having reviewed the motion

and the file, and otherwise being fully advised in the premises, it is hereby Ordered and Adjudged:

    1.    That certain Quit Claim Deed dated May 3, 2004, as recorded  on May 7, 2004 in

Official Records Book 37414 at page 1469 of the Public Records of Broward County (the

"Deed"), and relating to the following described real property located in Broward County,

Florida.

> UNIT NO. 1914 OF PLAYA DEL SOL CONDOMINIUM, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN  OFFICIAL RECORDS BOOK 5,918, Page 34 OF THE PUBLIC RECORDS OF BROWARD COUNTY FLORIDA, and all amendments thereto

(the "Property") shall be and is set aside, canceled, invalidated and otherwise deemed null and void *nunc pro tunc* to May 3, 2004, is of no further force and effect, and shall be treated as if it had never existed.

2.      The Clerk of the Court is directed to record this Order in the Public Records of Broward County, Florida, in connection with the Property.

3.      The interests of any and all third parties, if any, acquired after recordation of the Deed shall be deemed null, void and of no effect.

4.      The Property shall retain or is otherwise awarded homestead status for all purposes, *nunc pro tunc* to May 3, 2004.

5.      The Settlement Agreement between the parties is adopted, ratified and deemed to be an order of this Court.  The Court reserves jurisdiction to enforce the terms of the Settlement Agreement.  The parties are ordered to comply with its terms.

DONE and ORDERED in Chambers, Miami- Dade County, Southern District of Florida, this _____ day of March, 2006.


_____
URSULA UNGARO-BENAGES
UNITED STATES DISTRICT JUDGE

Copies to:

South Florida Guardianship Program
Station 262
P.O. Box 130130
Sunrise FL 33313-0002

---

1As a result of guardianship and incapacity proceedings, the South Florida Guardianship Program, Inc. is legal guardian of PHYLLIS SUTTER, and was substituted as party Plaintiff in this litigation by order dated August 30, 2005.

2